Submitted on respondent's petition for reconsideration filed June 5, reconsideration allowed; opinion (154 Or App 142, 960 P2d 896 (1998)) adhered to September 2, 1998

In the Matter of the Marriage of

Gerald Leroy ENDERS,
*Respondent,*

*and*

Patti Grace ENDERS,
*Appellant.*

(CV95-0414; CA A94771)

964 P2d 1097

Michele Grable for the petition.

Steven N. Thomas and Corey, Byler, Rew, Lorenzen & Hojem, *contra.*

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Husband seeks reconsideration of our decision that divided his and wife's property on the dissolution of their marriage. Husband contends that we miscalculated the amount that needed to be awarded to wife from the sale of the parties' residence in order to equalize the distribution of assets to the parties. Husband is mistaken.

In our opinion, we treated the residence as an asset that was separate from the parties' other assets. For the assets other than the residence, we determined that husband had received $10,094 more in assets than wife. To make up that difference, we ordered that the residence be sold, that wife receive the first $10,094 from the net proceeds of the sale and that any remaining proceeds be divided equally between the parties.

In his reconsideration petition, husband treats the residence as an asset that has been awarded to *him*, but he assigns no value to it. He then calculates the difference in *all* assets that were awarded to the parties at $14,400 in his favor or $4,236 in wife's favor, depending on the values assigned to various assets. He then argues that the correct way to address the difference in assets awarded to the parties would be to award wife $7,200, which would equalize the distribution if the difference between them were $14,400 in his favor, or to award him $2,118 if the difference were $4,236 in wife's favor.

The flaw in husband's approach is that he treats the residence as an asset that has been awarded to him, but he assigns no value to it. If all of the parties' assets *were* divided between them and values *were* assigned to all of the assets, then it would be appropriate to award wife one half of the difference in the value of the assets in order to equalize the distribution. For example, if husband had received $14,400 more in assets than wife, which amount included the value of the residence, then wife would have to be given a $7,200 judgment to equalize the distribution. However, given our treatment of the parties' residence, it was necessary to award wife the full amount of the difference in the value of the assets awarded to them *other* than the residence, with the balance

of the proceeds from the sale of the residence to be divided equally.[1] Based on our decision on the value of the parties' assets and liabilities other than the residence, the amount of the difference between the parties was $10,094 in favor of husband, which falls between the two figures listed in husband's reconsideration petition.

Reconsideration allowed; opinion adhered to.

---

[1] The difference between husband's and our approach reflects the difference between a distribution in which all assets are divided between the parties before addressing an imbalance in the division, and one in which all of the assets are *not* divided before doing that. When all assets are valued and divided between two parties, anything that is given to one party must come from the other, so any difference between them can be addressed by awarding the disadvantaged party one half of the difference between the parties' assets. For example, if a wife and husband had total assets valued at $100,000 and the property division gave the wife assets valued at $60,000 and the husband assets valued at $40,000, the difference between them could be addressed by giving the husband an equalizing judgment for $10,000, which is one half of the $20,000 difference between the parties in the initial division of assets.

In contrast, when an asset that was *not* part of the initial division of assets is used to address an imbalance in the division, it is necessary to give the disadvantaged party the full amount of the difference between them in order to equalize the distribution, because the asset used to eliminate the difference does *not* come from the other party. Using the prior example, assume that a $30,000 asset is not awarded to either party and that the wife is given assets valued at $45,000 and the husband assets valued at $25,000. To address the $20,000 difference between the parties, it would be necessary to give the husband the first $20,000 of the value of the remaining asset, that is, the full amount of the difference, and then to divide the balance of the value of that asset equally between the parties to create an equal distribution. That is what we did in this case.